ORIGINAL

AO 93 (Rev. 12/09) Search and Seizure Warrant (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
for the
Central District of California

FILED
CLERK, U.S. DISTRICT COURT
APR 13 2017
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No.  2:16-mj-01710
Information associated with account identified as )
simonherrera960836@gmail.com, that is stored at )
premises controlled by Googe, Inc. )

## 18 U.S.C. § 2703 SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Northern___ District of ___California___
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property. Such affidavit is incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before ___14 days from the date of its issuance___
                                                                    *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

You must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
                                    *(name)*

IT IS FURTHER ORDERED that the Provider named in Attachment A shall comply with the further orders set forth in Attachment B, and shall not notify any person, including the subscriber(s) of each account identified in Attachment A, of the existence of the warrant.

Date and time issued: August 25, 2016 2pm         _____/s/ Louise A. LaMothe_____
                                                                Judge's signature

City and state:  Santa Barbara, California         Louise LaMothe, U.S. Magistrate Judge
                                                               *Printed name and title*

AUSA: Susan De Witt
SD.

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: mj-01710 | Date and time warrant executed: 8-30-16 2:30pm | Copy of warrant ~~and inventory~~ left with: Google legal compliance |
| Inventory made in the presence of: SA Brad Peterson / SA Ashley Gaines |||

Inventory of the property taken and name of any person(s) seized:
[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

- letter from Google
- data associated with simon herrera 960836@gmail.com account including subscriber data, log in dates + times, + email content

Certification (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: _____

_____
Executing officer's signature

_____
Printed name and title

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

This warrant applies to information associated with the account identified as simonherrera960836@gmail.com (SUBJECT ACCOUNT) that is stored at premises controlled by Google, Inc. (PROVIDER), a company that accepts service of legal process at 1600 Amphitheatre Parkway, Mountain View, California.

ATTACHMENT B

ITEMS TO BE SEIZED

I. SEARCH PROCEDURE

1. The search warrant will be presented to personnel of the PROVIDER who will be directed to isolate the information described in Section II below.

2. To minimize any disruption of service to third parties, the PROVIDER's employees and/or law enforcement personnel trained in the operation of computers will create an exact duplicate of the information described in Section II below.

3. The PROVIDER's employees will provide in electronic form the exact duplicate of the information described in Section II below to the agent who serves the search warrant.

4. With respect to contents of wire and electronic communications produced by the PROVIDER (hereafter, "content records," see Section II.11.a below), law enforcement agents and/or individuals assisting law enforcement and acting at their direction (the "search team") will examine such content records pursuant to search procedures specifically designed to identify items to be seized under this warrant. The search shall extract and seize only the specific items to be seized under this warrant (see Section III below). In conducting this search, the search team shall take notes regarding how it conducts the search.

5. The search team may use various forensic software tools which utilize the ability to hash files to help locate and

i

identify child pornography. Hashing files allows the software program to match files with those in a known database of child pornography images and videos which enables investigators to find these files in an effective manner. It also helps minimize the time investigators use to manually view every file and video of child pornography which tends to be very difficult to view, especially when there are many images and videos to go through. Some of the tools that may be used include FTK, Encase, NetClean Analyze, OStriage, or other similar programs used in forensics.

6. If the search team encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

7. The search team will complete its search of the content records as soon as is practicable but not to exceed 120 days from the date of receipt from the PROVIDER of the response to this warrant. If additional time is needed, the government may seek an extension of this time period from the Court within the original 120-day period.

8. Once the search team has completed its review of the content records and created copies of the items seized pursuant to the warrant, the original production from the PROVIDER will be sealed -- and preserved by the search team for authenticity and chain of custody purposes -- until further order of the

Court. Thereafter, the search team will not access the data from the sealed original production which fell outside the scope of the items to be seized absent further order of the Court.

9. The special procedures relating to digital data found in this warrant govern only the search of digital data pursuant to the authority conferred by this warrant and do not apply to any search of digital data pursuant to any other court order.

10. Pursuant to 18 U.S.C. § 2703(g) the presence of an agent is not required for service or execution of this warrant.

II. **INFORMATION TO BE DISCLOSED BY THE PROVIDER**

11. To the extent that the information described in Attachment A is within the possession, custody, or control of the PROVIDER, including any information that has been deleted but is still available to the PROVIDER, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the PROVIDER is required to disclose the following information to the government for each SUBJECT ACCOUNT listed in Attachment A:

   a. All contents of all wire and electronic communications associated with the SUBJECT ACCOUNT, limited to that which occurred on or after April 10, 2015, including:

      i. All e-mails associated with the SUBJECT ACCOUNT, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, and deleted e-mails, as well as all header information associated with each e-mail, and any related documents or attachments.

    ii. All records or other information stored by subscriber(s) of the SUBJECT ACCOUNT, including address books, contact and buddy lists, calendar data, pictures, notes, texts, links, user profiles, account settings, access logs, and files.

    iii. All stored electronic communications and other files reflecting communications, including all available backups and content, to or from the Google account(s) associated with the SUBJECT ACCOUNT, including all stored Google device location data.

    iv. All records pertaining to communications between the PROVIDER and any person regarding the SUBJECT ACCOUNT, including contacts with support services and records of actions taken.

  b. All user connection logs and transactional information of all activity relating to the SUBJECT ACCOUNT described above in Section II.11.a, including all log files, dates, times, durations, data transfer volumes, methods of connection, IP addresses, ports, routing information, dial-ups, and locations.

  c. All subscriber information pertaining to the SUBJECT ACCOUNT, including the date on which the account was created, the length of service, the IP address used to register the account, the subscriber's full name(s), screen name(s), other account names or e-mail addresses associated with the account, telephone numbers, physical addresses, and other identifying information regarding the subscriber, the types of service utilized, account status, account settings, login IP

addresses associated with session dates and times, as well as means and source of payment, including detailed billing records.

## III. INFORMATION TO BE SEIZED BY THE GOVERNMENT

12. For the SUBJECT ACCOUNT listed in Attachment A, the search team may seize:

    a. All information described above in Section II.11.a that constitutes evidence, contraband, fruits, or instrumentalities of violations of the statutes listed on the warrant, including but not limited to the following:

        i. Information relating to who created, accessed, or used the SUBJECT ACCOUNT, including records about their identities and whereabouts.

        ii. Records relating to the exploitation of children, child pornography, crimes against children, or a sexual interest in children.

    b. All records and information described above in Sections II.11.b and II.11.c.

## IV. PROVIDER PROCEDURES

13. IT IS ORDERED that the PROVIDER shall deliver the information set forth in Section II within 10 days of the service of this warrant. The PROVIDER shall send such information to:

    SA Brad Peterson
    600 East Plaza Drive, Santa Maria, CA 93454
    Phone: 805-346-2728

```
        Fax:   805-346-3315
        Email: BRADLEY.PETERSON@IC.FBI.GOV
```

14. IT IS FURTHER ORDERED that the PROVIDER shall provide the name and contact information for all employees who conduct the search and produce the records responsive to this warrant.

15. **IT IS FURTHER ORDERED** that the PROVIDER shall <u>not</u> **notify** any person, including the subscriber(s) of each account identified in Attachment A, of the existence of the warrant.